# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SHERRY DIANE IVANOVSKI,
     Plaintiff,              CIVIL ACTION NO. 07-CV-10731

vs.

                                   DISTRICT JUDGE GEORGE CARAM STEEH

DEARBORN HEIGHTS,        MAGISTRATE JUDGE MONA K. MAJZOUB
CITY OF, et al.,
     Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DOCKET NO. 10)

These matters come before the Court on Plaintiff Ivanovski's Motion to Compel Discovery filed on August 1, 2007. (Docket no. 10). Defendant's Response was filed on August 15, 2007. (Docket nos. 13). Plaintiff filed a Reply brief. (Docket no. 14). The Parties filed a Joint Statement of Resolved and Unresolved Issues on September 17, 2007. (Docket no. 15). The Court heard oral argument from counsel on October 3, 2007. The motion was referred to the undersigned for decision under 28 U.S.C. § 636(b)(1)(A). (Docket no. 11). The matter is therefore ready for ruling.

Plaintiff brings this action claiming Constitutional and related violations arising from her arrest. The claims made against Defendants City of Dearborn Heights, Officer Keller and Officer Guzowski include allegations of assault and battery, false arrest, false imprisonment, gross negligence, malicious prosecution, Fourth Amendment and Fourteenth Amendment violations and deprivation of rights under 42 U.S.C. § 1983.

Plaintiff served her First Request for Production of Documents to Defendants on April 30, 2007 with a request for deposition dates for the Defendant Officers and their supervisor. Defendants served their Response on June 6, 2007. The record shows that Plaintiff followed up on deposition dates several

times via letters to Defendants' counsel. Plaintiff filed this Motion to Compel seeking responses to Document Request Nos. 3, 4 and 5 and seeking to compel the depositions of Defendant Officers Keller and Guzowski and their supervisor.

The Parties have resolved the substantive issue of Document Request No. 5 and agree that Defendants will produce all policies and procedures of the Dearborn Heights Police Department regarding arrests, requests/recommendations for charges, and the use of force by police officers in effect at the time of the incident in question, with the entry of a protective order. The Parties have not yet agreed to the form of a protective order. Defendant agrees to provide dates for the three depositions.

Document Request Nos. 3 and 4 remain at issue. Document Request No. 3 seeks personnel files for the Defendant Officers, including performance evaluations, disciplinary records, records of education and training, and all other records relating to the Defendant Officers. Defendants object on the basis of privilege, privacy and relevance. The Parties have agreed to the production of the personnel files with all personal information redacted including home addresses and telephone numbers of the officers and family members, social security numbers, bank account information and drivers license information subject to entry of a protective order. The disciplinary records remain at issue.

Document Request No. 4 seeks all records of complaints registered against the Defendant Officers relating to their conduct as police officers, including citizen complaints and lawsuits, and any documentation regarding any investigation conducted regarding such complaints. Defendants object to the Request as being irrelevant, not reasonably calculated to lead to the discovery of relevant information and, to the extent it relates to past complaints, barred by the executive privilege.

Under the deliberative process privilege "intra-government documents which reflect advisory opinions, recommendations, and deliberations comprising part of the process by which governmental

decisions are formulated" are protected from disclosure in discovery. *See Dowd v. Calabrese*, 101 F.R.D. 427, 430 (D.D.C. 1984). Factual material, including reports and summaries, is not protected by the privilege. *See Frankenhauser v. Rizzo,* 59 F.R.D. 339, 344 (E.D. Pa. 1973).

Plaintiff brings a claim against the City of Dearborn Heights for deprivation of her constitutional rights under the Fourth and Fourteenth Amendments and also alleges that it is a custom, policy and/or practice of the Defendant City "of failing to properly train, evaluate, supervise, investigate, review, and/or discipline its police officers" and "failing to enforce its own rules and regulations . . . ." Complaint ¶ 56 (Docket no. 1). In light of the allegations against the City of Dearborn Heights, the material requested by Document Request Nos. 3 and 4 is relevant. Furthermore, documentation of civilian complaints and any resultant investigation are relevant and necessary to Plaintiff's burden of establishing policy or custom as it alleges against Defendant City of Dearborn Heights. *See Torres v. Kuzniasz,* 936 F. Supp. 1201, 1206 (1996). The documents are relevant to Plaintiff's burden of proving municipal liability for violation of her Constitutional rights. *See id.* at 1213. Under the executive privilege, however, Defendants' production should be limited to factual material, including reports and summaries and does not extend to documents reflecting "advisory opinions, recommendations and deliberations."

The Parties agree that to the extent Request Nos. 3 and 4 seek production of citizen complaints, investigations and documents relating to the same, the Request is limited to similar incidents including Plaintiff's allegations of assault, battery, false arrest, false imprisonment, gross negligence, and/or malicious prosecution. Within seven (7) days of entry of this Order, Defendants will review the files within their possession, custody or control and file an amended Response to Document Request Nos. 3 and 4. The Defendants will provide to the Court for in camera review those documents subject to executive privilege. To the extent applicable, Defendants shall state in their amended Responses that

they have no documents or records within their possession, custody or control that are related in any way to the issues raised in Request Nos. 3 and 4.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel is Granted as to the depositions of Defendant Officers Keller and Guzowski and their supervisor, and Defendant will provide on or before October 10, 2007 alternate deposition dates for each of the three deponents with all three depositions to be completed on or before October 31, 2007.

**IT IS FURTHER ORDERED** that the Parties will agree upon a form of protective order on or before October 10, 2007 and pursuant to such protective order Defendants will produce documents responsive to Document Request No. 5 as set forth above within seven (7) days of entry of the protective order.

**IT IS FURTHER ORDERED** that within seven (7) days of entry of this Order, Defendants will review the files within their possession, custody or control and file amended Responses to Document Request Nos. 3 and 4. Defendants will provide to the Court for in camera review those documents subject to executive privilege. To the extent applicable, Defendants shall state in their amended Responses that they have no documents or records within their possession, custody or control that are related in any way to the issues raised in Request Nos. 3 and 4.

**IT IS FURTHER ORDERED** that Defendant shall redact all police officers' personal information including home addresses and telephone numbers of the officers and family members, social security numbers, bank account information and drivers license information on any documents or records provided in response to these Requests, including documents or records provided to the Court for in camera review.

**IT IS FURTHER ORDERED** that the Plaintiff's request for attorneys fees and costs is **DENIED**.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: October 09, 2007          s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: October 09, 2007          s/ Lisa C. Bartlett
                                 Courtroom Deputy